# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Revocation of Supervised Release) |
| JILLENE KLEPSER | Case Number: 8:03-cr-288-T-23MAP<br>USM Number: 41457-018 |

Defendant's Attorney: Timothy Fitzgerald, ret.

The defendant admits committing, and is adjudged guilty of committing, violations one through five charged in the May 1, 2009, petition (Doc. 733).

| Violation Number | Nature of Violation | Date Violation Ended |
|---|---|---|
| One | Excessive use of alcohol | 03/28/09 |
| Two | Failure to comply with home detention program | 03/28/09 |
| Three | Illegal drug use | 04/05/09 |
| Four | Failure to comply with home detention program | 04/08/09 |
| Five | Travel outside district without permission | 04/29/09 |

The defendant's supervised release is **REVOKED**. The defendant is sentenced as provided in pages two through four of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 in consideration of the factors specified in 18 U.S.C. § 3553(a), including applicable guidelines and policy statements issued by the United States Sentencing Commission.

The defendant must notify the United States attorney for this district within thirty (30) days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 5, 2009
Date of Imposition of Sentence

Steven D. Merryday
UNITED STATES DISTRICT JUDGE

June 5th, 2009
Date

## IMPRISONMENT

The defendant is committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **time served.**

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By  _____
DEPUTY UNITED STATES MARSHAL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release until **October 23, 2011**.

The defendant shall report to the probation office in the district to which the defendant is released within seventy-two (72) hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year.

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JILLENE KLEPSER  
CASE NUMBER: 8:03-cr-288-T-23MAP

Judgment - Page  4  of  4

**ADDITIONAL SUPERVISED RELEASE TERMS**

 X   The defendant shall participate, as directed by the Probation Officer, in a program (outpatient and/or inpatient) for treatment of narcotic addiction or dug or alcohol dependency.  This program may include testing for the detection of substance use or abuse.  Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services.

 X   The defendant shall participate in a program at A Forever Recovery in Battle Creek, Michigan, until she has satisfactorily completed the program.

 X   The defendant shall participate in a mental health treatment program and follow the probation officer's instructions regarding the implementation of this court directive.  Further, the defendant shall be required to contribute to the costs of services for such treatment in an amount determined reasonable by the probation officer based on ability to pay or availability of third party payment and in conformance with the Probation Office's Sliding Scale for Mental Health Treatment Services.